IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GABRIEL J. OTHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 CV 878 |
| | ) |
| LG ELECTRONICS | ) Judge Samuel Der-Yeghiayan |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 12(b)(5) and (6), Defendant LG Electronics USA, Inc.[1] ("LGEUS") respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss Complaint in this matter.[2]

## I.     INTRODUCTION

Plaintiff's Complaint should be dismissed on the grounds that (1) service of process was insufficient; and (2) the allegations, even when construed liberally in favor of Plaintiff, do not state any cognizable cause of action.  Plaintiff personally delivered the Complaint and Summons himself without the use of an officer or process server as required by the Federal Rules of Civil Procedure ("Federal Rules").  The Complaint alleges that LGEUS terminated and failed to promote Plaintiff due to his disability, national origin, race, and sex.  However, Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge did not include allegations pertaining to three of these protected classes, and Plaintiff's Complaint does not support his claim for disability discrimination.

---

[1] Defendant is incorrectly named in the Complaint as "LG Electronics."
[2] LGEUS's appearance before the Court for the limited purpose of requesting that the Complaint be dismissed is not intended to waive Plaintiff's obligations to properly serve LGEUS with the Summons and Complaint.

1

## II.   ARGUMENT

### A.   Insufficient Service Of Process

As set forth in Plaintiff's Return of Service form filed with this Court, he himself personally delivered a copy of the Summons and Complaint to LGEUS. Because valid service of process has not been effected on the LGEUS in this action, this lawsuit should be dismissed. Insufficiency of service of process under Fed. R. Civ. P. 12(b)(5) may be raised in a motion to dismiss. *Haven v. Rzeczpospolita Polska*, 215 F.3d 727, 732 (7th Cir. 2000). Although LGEUS has received Plaintiff's Complaint and Summons, a party's actual notice of a complaint does not satisfy the requirement that all defendants be properly served. *McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001).

Plaintiff has not, as of the filing of this motion, served LGEUS with the Summons and Complaint. The Federal Rules authorize service on a corporation "in a judicial district of the United States: (A) in the same manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. Pro. 4(h)(1). An individual may be served in a judicial district of the United States by the same methods permitted by the state courts in the jurisdiction in which the district court is located; by delivering the complaint and summons to the individual personally; by "leaving a copy of [the complaint and summons] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to the agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Pro. 4(e). Each of these methods requires service by a

person "who is at least 18 years old and **not a party**" to the action. Fed. R. Civ. Pro. 4 (emphasis added).

Under Illinois state rules, a corporation may be served "(1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner permitted by law … [including] by publication and mail in like manner and with like effect as individuals." 735 ILCS 5/2-204. An individual may be served

> (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of above, or (3) as provided in Section 1-2-9.2 … with respect to violation of an ordinance governing parking…

735 ILCS 5/2-203.

In limited circumstances, a corporation may be served through the Secretary of State, but only

> (1) Whenever the corporation shall fail to appoint a registered agent in the State, or
> (2) Whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in the State, or
> (3) When a corporation has been dissolved, the conditions of paragraph (1) or paragraph (2) exist, and [a civil suit is brought against the corporation within five years of dissolution of the corporation], or
> 4) When a domestic corporation has been dissolved, the conditions of paragraph (1) or paragraph (2) exist, and a criminal proceeding has been instituted against or affecting the corporation, or
> (5) When the authority of a foreign corporation to transact business in the State has been revoked.

805 ILCS 5/5.25(b). In such situations, service may be made by both serving the Secretary of State and sending the process to the corporation by registered or certified mail. *Id.* (c). Service

3

under each of these rules may be made by the sheriff, coroner, or, with the court's authorization "a private person over 18 years of age and **not a party to the action**. 735 ILCS 5/2-202(a) (emphasis added).

Plaintiff's "service" on LGEUS by delivering the Complaint and Summons himself does not comport with the federal or Illinois state rules regarding service of process. None of the rules described above permit service by a plaintiff himself. *See* 735 ILCS 5/2/202(a); Fed. R. Civ. Pro. 4(c). As a result, Plaintiff's personal delivery of the Summons and Complaint to LGEUS is not proper service of process.

Although Plaintiff is proceeding *pro se*, "[t]he fact that [the plaintiff] was proceeding *pro se* does not excuse [his] failure comply with procedural rules." *See McMasters*, 260 F.3d at 818. As a result, LGEUS requests that this action be dismissed in its entirety for insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5).

### B.     Failure to State a Claim

Even if Plaintiff's Complaint is not dismissed for his failure to effect service of process sufficiently, the Complaint should be dismissed on the basis that it does not state any claims upon which relief can be granted. A complaint (or any cause of action alleged therein) shall be dismissed where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This standard is met where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint containing "labels and conclusions," and/or a "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Id.* (citations omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them, *see Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994), but the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (citing *Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F. 3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

On October 16, 2006, Plaintiff filed a charge of discrimination with both the EEOC and the Illinois Department of Human Rights ("IDHR"). Complaint ¶ 7. In it, he complained only of alleged discrimination based on his alleged mental handicap of Schizophrenia. *See* Plaintiff's Charge of Discrimination, attached to his Complaint. Plaintiff's new allegations of discrimination based on his gender, race, and national origin appeared for the first time in his Complaint and were not raised with the EEOC or the IDHR. It is well-established that a plaintiff waives causes of action if he does not include them in a charge of discrimination with the EEOC. "[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (dismissing claim not included in the EEOC charge). Because the IDHR and EEOC have not

5

had the opportunity to investigate Plaintiff's claims of gender, race, and national origin discrimination, he cannot bring them before this Court at this time.[3]

Thus, even if the Complaint is not dismissed for failure to effect proper service, the only claim contained in the Complaint that was properly raised with the EEOC is Plaintiff's disability discrimination claim. Viewing Plaintiff's allegations pertaining to this claim in the light most favorable to him reveals that Plaintiff has not stated a claim for disability discrimination upon which relief can be granted.

To establish a *prima facie* case of discrimination under the Americans with Disabilities Act, Plaintiff must show (1) he is a "qualified person with a disability"; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees were more favorably treated. *Rooney v. Koch Air, LLC*, 410 F.3d 376, 380 (7th Cir. 2005). "If the plaintiff fails to prove any of these elements, [the] claim fails." *See Gutzwiller v. City of Chicago*, No. 03 C 7598, 2007 WL 294255, at *4 (N.D. Ill. Jan 25, 2007).

In Plaintiff's Complaint, the only mention of any alleged disability he may have is made in his allegation that LGEUS "failed to look past schizophrenic stereotyping." Complaint ¶ 12(f). Nowhere else in his Complaint does he mention that he may actually have Schizophrenia or any other possible disability, nor does he allege that similarly situated non-disabled employees were treated more favorably than he was. The statement he attached to his Complaint as the facts supporting his discrimination claims (*see* Complaint ¶ 13) is almost completely devoid of any allegations remotely relevant to a claim of failure to promote,

---

[3] Nor can Plaintiff bring new EEOC charges on the bases of these new claims because they are now time-barred. Plaintiff was terminated on September 7, 2006, which is more than 300 days ago.

termination, or disability discrimination. The only allegations that are even potentially relevant are:

- "Firstly, LG Electronics has facilities in Mexico requiring Spanish speaking skills which the hired individual does not have but I do." Taken in a light extremely favorably to Plaintiff, this might be an allegation that he was as or more qualified for a promotion than the person who received the promotion.

- "Fourth any mention of computer sciences in the technical skill requirements is completely false." Again, if viewed as favorably as possible toward Plaintiff, this allegation may be related to his qualification for a promotion.

- "Sixth, . . . though my performance was always exemplary including participation in both mandatory and voluntary training and corporate activities at the general employee level . . ." This could be an allegation that Plaintiff was meeting LGEUS's legitimate expectations in his position.

Taking all of this together and construing it in the light most favorable to Plaintiff, he simply does not state a claim for disability discrimination. He has failed to put forth a single allegation linking his alleged disability—which he never specifies in his Complaint—to any alleged adverse action. He does not allege that non-disabled employees were treated more favorably than he was. The Supreme Court has made clear that to survive a motion to dismiss, a complaint must provide "not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 127 S. Ct. at 1965 n.3. Here, Plaintiff has provided neither fair notice of what he is actually attempting to claim, nor the grounds upon which he is claiming it. It would be unfair to require LGEUS to attempt to defend this disability discrimination suit based on the extremely sparse relevant allegations in the Complaint that do not state a claim for disability discrimination under the law.

### III. CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

        Respectfully submitted,

        LG ELECTRONICS USA, INC.


        By:_____/s/ Tiana F. Nell_____


Derek G. Barella
Tiana F. Nell
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601
Tel:  (312) 558-5600
Fax:  (312) 558-5700
tnell@winston.com

9

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on the 10th day of April, 2008, I caused a copy of the foregoing to be served on counsel for Plaintiff by placing a copy of it in the U.S. Mail addressed as follows:

> Gabriel J. Othon
> 244 S. Yale Ave.
> Addison, IL 60601

            _____/s/ Tiana F. Nell_____

CHI:2072026.2