IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIEL J. OTHON, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>LG ELECTRONICS USA, INC. )<br>)<br>)<br>    Defendant. ) | Cause No. 08 CV 878<br>Judge Samuel Der-Yeghiayan |

## **JOINT INITIAL STATUS REPORT**

NOW COME the Plaintiff, GABRIEL J. OTHON, proceeding *pro se*, and Defendant, LG ELECTRONICS USA, INC., by WINSTON & STRAWN, LLP, and submit the following Joint Initial Status Report:

A.  Attorneys of Record:

    For Plaintiff:  None

    For Defendant: Derek G. Barella and Tiana F. Nell.

B.  Basis of federal jurisdiction:

    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and the Americans with Disabilities Act, 42 U.S. C. § 12101. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(3) and (4).

C.  Nature of claims and counterclaims:

    Plaintiff alleges that he was discharged and not promoted on the basis of his disability, race, gender, and national origin.

1

D.  Relief sought by plaintiff:

   Injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

E.  Name of any party not yet served: LG Electronics USA, Inc.
   Note: This is disputed and is the subject of Defendant's pending Motion to Dismiss Complaint.

F.  Principal legal issues:

   1.  Whether the Plaintiff properly served the Complaint and Summons upon Defendant.

   2.  Whether Plaintiff properly exhausted all of his administrative remedies regarding the allegations in his Complaint.

   3.  Whether the Plaintiff can establish the prima facie elements of his causes of action.

   4.  Whether the Plaintiff can establish Defendant intentionally discriminated against him on the basis of his race, gender, disability, or national origin.

   5.  Whether the Defendant has articulated legitimate non-discriminatory reasons for its treatment of plaintiff.

   6.  Whether Plaintiff has shown that Defendant's articulated non-discriminatory reason(s) was/were pretextual.

   7.  Whether Plaintiff has mitigated his damages.

   8.  Whether Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

G.  Principal factual issues:

   1.  Whether Plaintiff was subjected to disparate terms and conditions of employment compared to similarly situated employees outside his protected classes.

2

    2. Whether Plaintiff was qualified for the promotion for which he applied.

    3. Whether Defendant's articulated reasons for his non-promotion and termination are true.

    4. Whether Plaintiff has incurred damages as a result of wrongful conduct on the part of Defendant.

H. List of pending motions and brief summary of bases for motions:

    1. Defendant's Motion to Dismiss Complaint

    2. Plaintiff's Motion for Court Appointed Counsel

I. Description of discovery requested and exchanged: Written discovery will be propounded if the Court denies Defendant's Motion to Dismiss Complaint, and after Defendant files its Answer to Complaint.

J. Type of discovery needed:

The parties will require depositions of Plaintiff and an anticipated approximate number of at least ten present and/or former employees of Defendant. However, once Rule 26(a)(1) Disclosures are exchanged, counsel for the parties will know of any additional depositions that may be necessary.

K. Agreed dates for:

| | |
|---|---|
| Rule 26(a)(1) Disclosures: | 21 days following a denial of Defendant's Motion to Dismiss Complaint |
| Fact Discovery Completion: | December 31, 2008 |

Expert Discovery Completion: The parties do not anticipate expert discovery in this matter.

    Plaintiff's expert disclosure due:    N/A

      Defendant's expert disclosure due:   N/A

      Dispositive Motion Deadline: February 1, 2009

      Filing of Final Pretrial Order: Thirty (30) days prior to trial.

L.     Estimated trial ready date:      August, 2009

M.     Probable length of trial: Three (3) to four (4) days.

N.     Request for jury trial: Neither party has requested a trial by jury on these claims.

O.     Status of Settlement discussions: The parties have discussed settlement, but have not reached a settlement at this time.

P.     Consent to proceed before a Magistrate Judge:

      The parties DO NOT unanimously consent to reassignment to Magistrate for trial.

Dated: April 14, 2008

| GABRIEL J. OTHON, | LG ELECTRONICS USA, INC., |
|---|---|
| /s/ Gabriel J. Othon | /s/ Tiana F. Nell |
| By: GABRIEL J. OTHON, *pro se* | By: TIANA F. NELL |
| 244 S.YALE ST. | WINSTON & STRAWN, LLP. |
| ADDISON, ILLINOIS 60101 | ATTORNEY FOR DEFENDANT |
| (630) 832-7247 | 35 WEST WACKER DRIVE |
| sovereignjudge@districtstarchamber.com | CHICAGO, ILLINOIS 60601 |
| | (312) 558-7556 |
| | tnell@winston.com |

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of April, 2008, I caused a copy of the foregoing to be served on counsel for Plaintiff by placing a copy of it in the U.S. Mail addressed as follows:

> Gabriel J. Othon
> 244 S. Yale Ave.
> Addison, IL 60601

                                                                                             /s/ Tiana F. Nell