# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 878 | **DATE** | 4/25/2008 |
| **CASE TITLE** |  | Gabriel J Othon vs. LG Electronics | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's second motion for appointment of counsel [21] is denied. As previously ordered on 04/17/08, Plaintiff's response to defendant's motion to dismiss [16] shall be filed by 05/01/2008 and defendant's reply shall be filed by 05/14/2008. Status hearing set for 05/28/08 at 9:00 a.m. to stand.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Gabriel J. Othon's ("Othon") second motion for appointment of counsel. Othon filed this action on February 11, 2008, and filed a motion for appointment of counsel on that date. On February 27, 2008, we denied Othon's motion for appointment of counsel noting that Othon had not shown himself to be indigent and had not made substantial attempts to retain counsel to represent him aside from a single conversation with an attorney in Milwaukee, Wisconsin. We found that Othon's case did not appear to be overly complex or difficult, factually or legally, and based on the record, we further found that Othon has the ability to coherently present his case as a layperson. (Or. 2/27/08).

On April 15, 2008, Othon filed the instant motion, which is his second, for appointment of counsel. The instant motion is nearly identical to Othon's first motion for appointment of counsel. Once again, Othon states that the only efforts he has made to independently retain counsel has been to have one conversation with an attorney from another state who declined to represent him. (Mot2. Par. 2). Othon also states that the Defendant in this action is seeking protracted discovery and trial proceedings. (Mot2. Par. 2). Othon, however, has not shown that circumstances have changed since he filed his first motion for appointment of counsel that would warrant appointment of counsel at this juncture. In determining whether to appoint

**STATEMENT**

counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In ruling on a motion for appointment of counsel the court should evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Othon has appeared on his own behalf for status hearings and has represented himself competently thus far in the litigation. We have considered the entire record in this case at this juncture, as it reflects on Othon's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Othon is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture and we once again deny the motion for appointment of counsel.