MHW

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**FILED**
APR 2 8 2008
4-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GABRIEL J. OTHON | ) |
| Plaintiff, | ) 08CV878 |
| v. | ) Case No. 08C 0878 |
| LG Electronics USA, INC. | ) Judge Samuel Der-Yeghiayan |
| Defendant. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

LGEUS is demonstrating the lodged grievance, once again, by the bogus Motion to Dismiss on grounds of cognizability. The Defendant's persistent disregard of managerial habits, that border and stray into the realm of infraction on the surface alone, has continued it's pattern to refuse cooperation into this suit. Linda Walsh's performance at the IDHR fact finding conference introduced fraud into the list of offenses that still go unanswered. A list that includes wrongful termination, blatant discrimination, harassment and apparently abuse of power. The list now also includes perjury as LGEUS has begun demonstrating confidence in an IDHR report that itself neither demonstrates diligence, nor merits any faith. Further, the lack of corporate diligence displayed by counsel for the defense, proceeding under the premise that LGEUS can substantiate the claims made by it's authorized representation to date regarding the characters of the disputing parties, prior to such a Motion to Dismiss as this, only demonstrates a lack of sincerity on the part of the Defendant that has reverberated through the Plaintiff's settlement overtures and this suit.

Questioning the validity of the allegations in this suit is premature in the extreme without the Defendant even having addressed the serious issues listed above and elaborated on in the statement filed in the suit. This strong arm progression questioning the veracity and coherence of this suit is, in fact, demonstrative of the behavior outlined leading to and continuing on in this Motion to Dismiss. Followed up by a thinly veiled bid for quid pro quo if these Motions fail, the list of charges will easily pick up obstruction of justice and possibly contempt of court with their continued theatrics tempting conspiracy with continual badgering of the Plaintiff's character to offset a multitude of character flaws already outlined on the part of the Defendants.

The potential for international incident in such a situation begins to sky rocket. Especially in consideration of the Plaintiff's District Starchamber project - some elements even predating termination as a contingency designed to salvage an already struggling literary career, which resolution of this issue has become manifest during a very high profile time. A coincidence LGEUS will continue to see at each stage in their strategy due to the nature of the work, independent of this suit and mainstream preconceptions. District Starchamber's constitutional overtones, in fact, might render the Defendant's approach reckless, however, if there is any evidence of collusion on LGEUS' part discovered. Especially in regards to election year timetables and the court dates proposed by LGEUS indicative of a keen awareness of the case's merits beyond the suit in contradiction of this particular Motion to Dismiss, in fact.

Also in contradiction of this Motion, the conditions LGEUS seek to reinforce with personal aspersions alluded to by the nature of the discovery LGEUS proposes to conduct to gather information that fell on deaf ears during the Plaintiff's employment when it was still pertinent and apparently urgent, but now is not even relevant in this equal opportunity suit beyond establishing gainful intent on the part of the Plaintiff's actions

and interaction with fellow LGEUS colleagues during time of employment within the parameters set by LGEUS peers. As the mitigation of damages clearly must include any career in the public eye, including the Plaintiff's literary efforts, per the extremely violent means of termination inflicted upon the Plaintiff shortly after announcing an imminent escalation of grievance to the immediate manager about perceived shortcomings in the department, punctuated with the infamous personal solution introduced clearly intended as a solitary, last ditch effort on the part of the Plaintiff, in the Defendant's own despairing vernacular and paradigm, to seek an alternative to growing discomfort in the small department and the unprofessional image it was casting on the rest of the office before what already promised to be a bitter professional dispute erupted rendering the Plaintiff's salvage efforts moot and LGEUS' culpability absolute. The relationship was, in fact, thawing when another incident led to the chain of events to termination.

The integrity of the case bases in a seasoned office veteran, cooperating with authorized management of LGEUS in good faith from an extremely junior position, left to the tutelage of dubious character and bad direction. Direction that demands answers before any possibilities can be ruled out or singled out. A matter that has been covered ad nauseum and which LGEUS embraced as part of it's workforce under flexible managerial attitudes as outlined in it's employee handbook- none of which took the Plaintiff into consideration as an overqualified victim of schizophrenic circumstance, hence the essence of the case, but, rather, beyond the department, repeatedly, as a diamond in the rough and, from within, as entry level, as well as in this suit, facing more disregard than age discrimination laws even allow extending entry level overtones into the rest of the Defendant's strategy. Linda Walsh's declaration, at the fact finding conference and indeed the Defendant's strategy, of ignorance regarding any handicaps among it's applicants, including the Plaintiff, though fraudulent having been informed at time of formal employment upon her inquiry regarding an alert on the Plaintiff's record involving a fist fight that developed in a social setting, should be more than enough to answer any aspersions of inadequacy of domino effect discriminations on the part of the Plaintiff's claims in any event considering her capacity within LGEUS and the ingenuous, 'schizophrenically anonymous' but open drive the Plaintiff routinely demonstrated, including team playing with savvy co-workers.

The management, for and including an earthy, mid-size, suburban employee base as opposed to the multi-national entity that has acquired them admittedly has a workforce impaled on transition. However, there is no cause to deny logistical dead ends - nor to mask the gaps resulting in negligent administration with trumped up infractions. The course of action LGEUS is following is more than the product of panic followed up by poor administration based on ignorance and preconceptions that were introduced and began to surface when the Plaintiff first broached the topic of schizophrenia with the immediate supervisor. It also begs deeper questions that hint at LGEUS solutions that have no business in this suit. Added to that is the Plaintiff's demonstrated expertise with the subject matter and the substance of the case. The Plaintiff's opinion should be considered expert and not for casual review outside professional venue especially in light of LGEUS' refutation of the Plaintiff's expertise and professionalism, yet stands to gain untold unrecognized expert discovery

In such regards, the Motion to Dismiss on the grounds of improper service also is dubious. LGEUS, in fact, identified the discrepancy and consulted the legal department, who chose to disregard said discrepancies directing LGEUS to accept the summons. The Defendant's right to this Motion to Dismiss needs to be mitigated in that light and dismissed itself, in light of a continued hostile behavior demonstrated on the part of the Defendant regarding the attitudes already outlined above. In addition, the counsel for the defense refuses to distinguish between the disputing facility's and it's parent corporation's integrities anyway.

                                              Respectfully submitted,

                                              GABRIEL J. OTHON *pro se*

                                              By: _____
                                                             Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2008, I caused a copy of the foregoing to be served on counsel for Defendant by placing a copy of it in the U.S. Mail addressed a as follows:

> c/o Tiana F. Nell
> Winston & Strawn, LLP
> Attorney for Defendant (LGEUS)
> 35 West Wacker Drive
> Chicago, IL 60601

*[signature]*