# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 878 | **DATE** | 5/5/2008 |
| **CASE TITLE** | Gabriel J Othon vs. LG Electronics | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [16] is denied without prejudice. Plaintiff's time to properly serve Defendant does not expire until 120 days after the date on which he paid the filing fee, which is 120 days from March 5, 2008. If proper service is completed within the 120 days, Defendant will have twenty days from the date that service is executed to answer or otherwise plead. Plaintiff is warned that failure to properly serve summons and complaint pursuant to Federal Rules of Civil Procedure 4 will result in a dismissal of the action. Status hearing reset to 07/22/08 at 9:00 a.m. Status hearing set for 05/28/08 is stricken. Plaintiff is once again warned that failure to appear on a court's noticed status hearing may result in a dismissal of the action for want of prosecution pursuant to Local Rule 41.1.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendant LG Electronics' ("LGEUS") motion to dismiss. LGEUS moves to dismiss Plaintiff Gabriel J. Othon's ("Othon") complaint alleging that LGEUS was improperly served and that Othon failed to state a claim. Othon's complaint was received by the Clerk of the Court on February 11, 2008, and Othon paid the filing fee on March 5, 2008. Pursuant to Federal Rule of Civil Procedure 4(c)(2), only a person who is "not a party" to the action may serve a summons and a complaint. Fed. R. Civ. P. 4(c)(2). As LGEUS points out, Othon has personally signed the service of process declaration indicating that he personally executed service upon LGEUS. Since Othon is a party to this action, such service was not proper. Therefore, we find that Othon has failed to properly serve LGEUS. However, we also note that pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff is allowed 120 days to properly serve a defendant. Fed. R. Civ. P. 4(m). The Seventh Circuit has found that the 120 days to serve a defendant begins to run on the date that the filing fee is stamped "filed" by the clerk's office, which occurs once the plaintiff has paid the filing fee. *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 597-98 (7th Cir. 1989). Othon's time to properly serve LGEUS does not expire until 120 days after the date

**STATEMENT**

on which he paid the filing fee, which is 120 days from March 5, 2008. Therefore, LGEUS's motion to dismiss alleging improper service of process is denied without prejudice. Othon is warned that failure to properly serve LGEUS in the time and manner authorized by Federal Rule of Civil Procedure 4, may result in the dismissal of the instant action.

LGEUS also argues, in the alternative, that Othon's complaint should be dismissed for failure to state a claim. Since we have found that Othon has not yet properly served LGEUS in the instant action and Othon still has time to serve under Federal Rule of Civil Procedure 4(m), LGEUS's motion is premature and we deny LGEUS's motion to dismiss for failure to state a claim without prejudice. If proper service is completed, LGEUS will have twenty days from the date that service is executed to answer or otherwise plead pursuant to Federal Rule of Civil Procedure 12(a). Fed. R. Civ. P. 12(a)(1)(A)(I).