IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GABRIEL J. OTHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 CV 878 |
| | ) |
| LG ELECTRONICS | ) Judge Samuel Der-Yeghiayan |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant LG Electronics U.S.A., Inc.[1] ("LGEUS") respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss Amended Complaint in this matter.

### I.   INTRODUCTION

Plaintiff's Amended Complaint should be dismissed because the allegations, even when construed liberally in favor of Plaintiff, do not state any cognizable cause of action. The Amended Complaint alleges that LGEUS terminated and failed to promote Plaintiff due to his disability, national origin, race, and sex. However, Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge did not include allegations pertaining to three of these protected classes, and Plaintiff's Amended Complaint does not support his claim for disability discrimination.

---

[1] Defendant is incorrectly named in the Amended Complaint as "LG Electronics."

1

## II.     ARGUMENT

A complaint (or any cause of action alleged therein) shall be dismissed where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This standard is met where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint containing "labels and conclusions," and/or a "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Id.* (citations omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them, *see Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994), but the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (citing *Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F. 3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

On October 16, 2006, Plaintiff filed a charge of discrimination with both the EEOC and the Illinois Department of Human Rights ("IDHR"). Amended Complaint ¶ 7. In it, he complained only of alleged discrimination based on his alleged mental handicap of Schizophrenia. *See* Plaintiff's Charge of Discrimination, attached to his Amended Complaint. Plaintiff's new allegations of discrimination based on his gender, race, and national origin

appeared for the first time in his Amended Complaint and were not raised with the EEOC or the IDHR.  It is well-established that a plaintiff waives causes of action if he does not include them in a charge of discrimination with the EEOC.  "[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."  *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (dismissing claim not included in the EEOC charge).  Because the IDHR and EEOC have not had the opportunity to investigate Plaintiff's claims of gender, race, and national origin discrimination, he cannot bring them before this Court at this time.[2]

Thus, the only claim contained in the Amended Complaint that was properly raised with the EEOC is Plaintiff's disability discrimination claim.  Viewing Plaintiff's allegations pertaining to this claim in the light most favorable to him reveals that Plaintiff has not stated a claim for disability discrimination upon which relief can be granted.

To establish a *prima facie* case of discrimination under the Americans with Disabilities Act, Plaintiff will eventually have to show (1) he is a "qualified person with a disability"; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees were more favorably treated.  *Rooney v. Koch Air, LLC*, 410 F.3d 376, 380 (7th Cir. 2005).  "If the plaintiff fails to prove any of these elements, [the] claim fails."  *See Gutzwiller v. City of Chicago*, No. 03 C 7598, 2007 WL 294255, at *4 (N.D. Ill. Jan 25, 2007).

In Plaintiff's Amended Complaint, he does not once mention what disability he allegedly has, nor does he allege that similarly situated non-disabled employees were treated more favorably than he was.  The statement he attached to his Amended Complaint as the facts

---

[2] Nor can Plaintiff bring new EEOC charges on the bases of these new claims because they are now time-barred.  Plaintiff was terminated on September 7, 2006, which is more than 300 days ago.

supporting his discrimination claims (*see* Amended Complaint ¶ 13) is almost completely devoid of any allegations remotely relevant to a claim of failure to promote, termination, or disability discrimination. The only allegations that are even potentially relevant are:

- "Firstly, LG Electronics has facilities in Mexico requiring Spanish speaking skills which the hired individual does not have but I do." Taken in a light extremely favorably to Plaintiff, this might be an allegation that he was as or more qualified for a promotion than the person who received the promotion.

- "Fourth any mention of computer sciences in the technical skill requirements is completely false." Again, if viewed as favorably as possible toward Plaintiff, this allegation may be related to his qualification for a promotion.

- "Sixth, . . . though my performance was always exemplary including participation in both mandatory and voluntary training and corporate activities at the general employee level . . ." This could be an allegation that Plaintiff was meeting LGEUS's legitimate expectations in his position.

Taking all of this together and construing it in the light most favorable to Plaintiff, he simply does not put forth allegations that will enable him to state a claim for disability discrimination in this case. He has failed to put forth a single allegation linking his alleged disability—which he never specifies in his Amended Complaint—to any alleged adverse action. He does not allege that non-disabled employees were treated more favorably than he was. The Supreme Court has made clear that to survive a motion to dismiss, a complaint must provide "not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 127 S. Ct. at 1965 n.3. Here, Plaintiff has provided neither fair notice of what he is actually attempting to claim, nor the grounds upon which he is claiming it. It would be unfair to require LGEUS to attempt to defend this disability discrimination suit based on the extremely sparse relevant allegations in the Amended Complaint that do not state a claim for disability discrimination under the law.

4

## III. CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court dismiss Plaintiff's Amended Complaint in its entirety.

        Respectfully submitted,

        LG ELECTRONICS U.S.A., INC.

        By:_____/s/ Tiana F. Nell_____

Derek G. Barella
Tiana F. Nell
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601
Tel:  (312) 558-5600
Fax:  (312) 558-5700
tnell@winston.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of July, 2008, I caused a copy of the foregoing to be served on counsel for Plaintiff by placing a copy of it in the U.S. Mail addressed as follows:

>Gabriel J. Othon
>244 S. Yale Ave.
>Addison, IL 60601

                                                  _____/s/ Tiana F. Nell_____