FILED
JUL 25 2008   NF
7-25-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

GABRIEL J. OTHON   )
                   )
    Plaintiff,     )
                   )
    v.             )   Case No. 08C 0878
                   )
LG Electronics USA, INC.   )   Judge Samuel Der-Yeghiayan
                   )
    Defendant.     )

### SECOND PLAINTIFF'S RESPONSE TO SECOND DEFENDANT'S MOTION TO DISMISS

Obviously, the Plaintiff has no problem with the first two points of the Defendant's Motion to Dismiss Amended Complaint. Schizophrenic manhandling, sexist attitudes from female management, stereotypically Mexican menial consideration and American Mexican skills that don't reach Korean are all legitimate points of the Plaintiff's Amended Complaint.

In regards to the Defendant's third and fourth points, the Plaintiff has serious objection. The EEOC does not preside in Federal Court. Case No. 07C 0878 is a civil case in the Northern District of Illinois, Eastern Division, not the EEOC or IDHR. These proceedings are beyond the scope of either administrative bodies. State and Local Coordinator Nola Smith who reported the findings the EEOC adopted to me confirmed this early January 2008, shortly after I received the EEOC Dismissal of Notice and Rights. During a phone call I made to contest the adopted findings on the grounds of incompetent management of the case, she advised me that any disputes I had with the EEOC Dismissal of Notice and Rights or the IDHR Notice of Dismissal for Lack of Substantial Evidence belonged in Federal Court. The Dismissal and Notice of Rights was made clear to me as holding no weight as a verdict and satisfied by it's inclusion and, thanks to the defendant's dogged pursuit, a key element of the case. Further it is based on the findings of selective investigating practices of the IDHR staff that refused to investigate racial discrimination and can't investigate age discrimination in my underage case. An abuse that seems to be standard operating procedure for LG and it's agents in my case and inevitably manifested in other like arenas. Especially in the case of the disability discrimination charge which is still guiding their hand wringing even into these legal proceedings.

The Plaintiff is unsure what the Defendant means by 'failure to state a claim upon which relief may be granted'. The claim is the presence of these discriminatory practices in the Plaintiff's work place at the Plaintiff's discretion. If the Defendant is looking for intent, the Plaintiff will remind the Defendant that intent to discriminate is an issue for a court of criminal law and has no bearing in this civil case. If the Defendant is looking for an eyefull, the Plaintiff will advise the Defendant that his immediate family is intensely shamed by the state of affairs, especially in regards to the steamy dynamics of the case. The Plaintiff will advise the defendant they set a pace in the community that reaches and flows from employee families, especially in consideration to rapport, performance and, God forbid, judgment. Peek-a-boo scare tactics are the worst sort of theatrics in legal proceedings. The Plaintiff will advise the Defendant that they can grant relief on this outrageous repeat of Plaintiff harassment as well that can be construed as a circumstantial admission of guilt in light of the criminal court / psych board standards the Defendant is seeking from the bench.

The Defendants Memorandum of Law in Support of the Defendants Motion to Dismiss Amended Complaint continues the IDHR / EEOC inspired disability strong-arming by leading these proceedings back

to the stigmatized arena of medicated employees. The Plaintiff has never used nor does he need any such remedies and is once again offended that the defendant is seeking to establish the Plaintiff as disabled. The complaint is not of the Defendant's elitist clean bill of health standards, but rather shockingly, of the Defendant's harbored notions of schizophrenics, guys, Mexicans and Americans, apparent in the behavior and actions outlined by the Plaintiff.

The Memorandum goes on to state the Plaintiff only filed charges of schizophrenia with the IDHR. Another incorrect conclusion drawn in the face of the 120 extension John Detwiler sought but was refused by me on the grounds that he would only *going* to investigate the schizophrenia complaint. Also disregarded in the Defendant's conclusion is the FBI's notification regarding John Detwiler's activities - specifically the racial discrimination complaint that was disregarded not only by him, but by the initial clerk who took the report. Both examples of the Plaintiff's recourse are plainly outlined in the Amended Complaint, yet the Defendant still feels the need to lead the court right past more established facts of the case while holding out any definitive response to the Plaintiff's Complaint or Amended Complaint. The Defendant continues by labeling *sovereign* charges as new, implying a comprehensive and intimate involvement with the case, but is woefully apparent that the Defendant is only involved with it's defense strategy.

The Defendant cites Conner v ILL Dept of Natural resources correctly, but inapplicably, that a Plaintiff waives the right to seek relief if they are not included in the EEOC investigation. With parched tongue, the Plaintiff repeats, the charges were lodged, with the *IDHR*, as supported by the Plaintiff's recourse as stated above. Gender was paramount not only due to Defendant attitudes, but even desk theme. Further it was accepted, but, somehow, glossed over so much in the IDHR Fact Finding Report, the Defendant has seen fit to misconstrue the language and testimony It is indeed the IDHR that waived the investigation against the Plaintiff's continued protest. Similar circumstances involve National Origin, specifically in regards to the failure to promote charge, mentioned, but not elaborated. The Plaintiff is dismayed by the Defendant's Motion to Dismiss Amended Complaint and is growing tired of fending off bogus aspersions of the Defendant, especially the repeated ones.

                                        Respectfully submitted,

                                        GABRIEL J. OTHON *pro se*

                                        By: _____
                                                    Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July, 2008, I caused a copy of the foregoing to be served on counsel for Defendant by placing a copy of it in the U.S. Mail addressed a as follows:

        c/o Tiana F. Nell
        Winston & Strawn, LLP
        Attorney for Defendant (LGEUS)
        35 West Wacker Drive
        Chicago, IL 60601