IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GABRIEL J. OTHON,                )
                                 )
       Plaintiff,             )
                                 )
       v.                     )    No. 08 C 878
                                 )
                                 )
LG ELECTRONICS USA, INC.,        )
                                 )
       Defendant.             )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant LG Electronics U.S.A., Inc.'s ("LG") motion to dismiss. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

## BACKGROUND

Plaintiff Gabriel Othon ("Othon") alleges that he was employed by LG and that LG terminated his employment on the basis of a disability. Othon claims that his employment was terminated after he had voiced "escalating concerns of discrimination. . . ." (Compl. 1). Othon also alleges that LG failed to promote him

1

even though he had the certificates and background necessary to receive such promotions.

Othon brought the instant action on February 11, 2008, and includes in his amended complaint a claim for discrimination on the basis of a disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), a claim for discrimination on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), a Title VII race discrimination claim, a Section 1981 race discrimination claim, and a Title VII gender discrimination claim. LG has moved to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dept. of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the

2

plaintiff has a right to relief, raising that possibility above a 'speculative level' and 'if they do not, the plaintiff pleads itself out of court.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).  Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455.  However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67.  The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

**DISCUSSION**

At the outset, this court notes that Othon is a *pro se* plaintiff. The Seventh Circuit has stated that the pleadings of a *pro se* plaintiff should be construed liberally. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "[i]t is the well-settled law of this circuit that pro se complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers"). However, even a *pro se* plaintiff may plead himself out of court if he "alleges facts that establish that a defendant is entitled to prevail on a motion to dismiss." *Id.*

I. Title VII Claims

LG argues that Othon's Title VII national origin, race, and gender claims should be dismissed since Othon's charge of discrimination ("EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") "complained only of alleged discrimination based on his alleged mental handicap of Schizophrenia." (Mot. 2). Othon filed his discrimination charge with the EEOC and the IDHR on October 6, 2006. Othon's EEOC Charge included allegations of harassment, failure to promote, and wrongful discharge on the basis of Othon's alleged disability of schizophrenia. The EEOC issued Othon a Notice of Right to Sue ("Notice") on January 8, 2008.

LG is correct in asserting that certain "claims brought in judicial proceedings must be within the scope of the charges filed with the EEOC." *Conner v. Ill. Dep't*

4

*of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *see also Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999)(setting forth the EEOC and state agency filing requirement in the context of an ADA claim). The Seventh Circuit has stated that "'[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.'" *Conner*, 413 F.3d at 680 (quoting *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). The Seventh Circuit has also stated that "[f]iling a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion." *Salas v. Wisc. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007). In general, "a complaint need not anticipate or overcome affirmative defenses . . . [and] does not fail to state a claim simply because it omits facts that would defeat a[n] [affirmative] defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006); *see also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)(stating that "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss"). A Rule 12(b)(6) dismissal on the basis of an affirmative defense is only appropriate "when the plaintiff effectively pleads h[imself] out of court by alleging facts that are sufficient to establish the defense." *Hollander*, 457 F.3d at 691 n.1.

In this case, Othon included his EEOC Charge as an attachment to his complaint. When a document is appended to a plaintiff's complaint, that document can be considered on a motion to dismiss. Fed. R. Civ. P. 10(c)(stating that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all

5

purposes"); *see also Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998)(indicating that when a document attached to a complaint contradicts the allegations in the complaint, the document "trumps the allegations").

Othon's EEOC Charge unequivocally asserts a charge of harassment on the basis of a mental handicap and a charge of failure to promote on the basis of a mental handicap. Othon's EEOC Charge clearly does not include any claims based on national origin, race, or gender. Before a plaintiff can bring a Title VII suit in federal court, he must first file a timely charge of discrimination with the EEOC, alleging the same claims as those alleged in the complaint. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985)(stating that "[a] plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court" and that "this requirement of timely filing a charge does not relate to subject matter jurisdiction."). The purpose of this requirement is to provide the employer with notice of the claim and to give the parties the opportunity to settle the issue without resorting to litigation. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)(stating that "[f]irst, the party must file a charge with the EEOC within the period of time allotted by the statute" and "[s]econd, the Commission must issue a right to sue letter"). Accordingly, only claims that are "'like or reasonably related to the allegations of the charge and growing out of such allegations'" may be brought in the federal court complaint. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)(quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538

F.2d 164, 167 (7th Cir. 1976)). A claim in a complaint is "like or reasonably related" to an EEOC charge if there is a factual relationship between the two and an EEOC investigation into the claims listed in the EEOC charge would be likely to reveal the claim made in the complaint. *Id.* at 500-01. For a factual relationship to exist between the claim in the complaint and the claim in the EEOC charge, the claims "must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 501 (emphasis in original).

Even when we construe Othon's complaint and his EEOC Charge in the light most favorable to Othon, it is clear that Othon's Title VII claims of national origin, race, and gender discrimination brought in the instant action are not within the scope of the claims asserted in Othon's EEOC Charge. *See id.* at 503 (stating that "[w]hen an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge").

In the instant action, Othon's EEOC Charge clearly indicates that the discrimination is allegedly based on mental handicap. Othon's EEOC Charge states that the "cause of discrimination [was] based on: Mental Handicap." (Compl. 8). In the details of each issue, Othon's EEOC Charge states that the discrimination against Othon was "because of [his] mental handicap, schizophrenia." (Compl. 8-9). Othon's EEOC Charge includes no additional facts or statements referring to national origin, race, or gender that might alert the EEOC, IDHR, or LG of any such

7

allegations or allow these parties to infer the allegations in the complaint from the facts alleged in Othon's EEOC Charge.  *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527-28 (7th Cir. 2003)(finding that the EEOC and employer could not be alerted to an age discrimination claim when the charge did not include any mention of age).  Thus, it is clear that Othon's Title VII claims of national origin, race, and gender discrimination brought in the instant action are not within the scope of Othon's EEOC Charge.

Othon does not argue in his *pro se* response that his Title VII national origin, race, and gender claims were included in Othon's EEOC Charge.  Rather, Othon argues that he complained of such claims to the IDHR, but the investigator "would only . . . investigate the schizophrenia complaint." (Reply 2).  Othon further argues that "the racial discrimination complaint [] was disregarded not only by [the investigator], but by the initial clerk who took the report" and that "the IDHR [] waived the investigation against Plaintiff's continued protest." (Reply 2).  In *Vela v. Village of Sauk Village*, 218 F.3d 661(7th Cir. 2000), the Seventh Circuit explicitly addressed the issue of the legal effect of oral allegations to the EEOC that are not submitted as part of the written complaint.  *Id.* at 664-65.  In *Vela*, the plaintiff likewise argued that she was misled by the intake officer at the EEOC and that she had orally notified the intake officer of a claim that was not included in her charge. *Id.* at 665.  The Seventh Circuit indicated that the only circumstances whereby the courts should "look[] beyond the four corners of the EEOC charge" involve instances where there are outside allegations in writing.  *Id.* at 664.  The Seventh Circuit stated

that "an oral charge . . . not reflected in nor reasonably related to the charge actually filed, is not a sufficient predicate for a claim . . . in [a plaintiff's] civil action." *Id.* at 665; *see also* 42 U.S.C. § 2000e-5(b)(stating that charges "shall be in writing under oath or affirmation . . ."). Othon has not pointed to any written allegations of discrimination outside of his actual EEOC Charge that would indicate that he had attempted to bring claims other than the claim based on his disability. Therefore, based on the above, we grant LG's motion to dismiss Othon's Title VII claims.

II. Section 1981 Claims

Othon brought his race discrimination and national origin discrimination claims under both Title VII and Section 1981. LG moved to dismiss all of Othon's claims. However, there is a distinction between bringing a Title VII action after the filing of an EEOC charge and bringing of an action under Section 1981. LG's only argument in support of its motion to dismiss the race and national origin discrimination claims, brought both under Title VII and Section 1981, was that Othon failed to file a charge of discrimination with the EEOC relating to these claims. However, claims under Section 1981, unlike claims under Title VII, do not require a plaintiff to bring charges with the EEOC before filing a claim in federal court. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007). LG has not offered any valid basis for dismissing Othon's Section 1981 race discrimination and national origin discrimination claims. Therefore, we deny LG's motion to dismiss with respect to Othon's claims brought under Section 1981.

III. ADA Claim

LG also moves to dismiss Othon's ADA claim, arguing that Othon has failed to properly state a claim. LG concedes that Othon's ADA claim was properly raised with the EEOC. However, LG argues that the allegations with respect to the ADA claim fail to provide LG with a fair notice of the claim against it. As stated above, we must draw all reasonable inferences in favor of Othon when construing the amended complaint. *Thompson*, 300 F.3d at 753; *Perkins*, 939 F.2d at 466. Othon's amended complaint clearly alleges that he was discriminated against on the basis of his disability and he has attached documents to his complaint indicating that his disability was schizophrenia. (Compl. Par. 9); (Compl. 9). Furthermore, Othon's amended complaint alleges that the discrimination against him took the form of a failure to promote him and eventually termination of his employment on the basis of his disability. (Compl. Par. 12).

LG argues that Othon has not alleged facts relating to all of the elements of his claim under the ADA, including whether he was disabled and whether similarly situated non-disabled employees were treated more fairly. LG cites to the requirements for establishing a *prima facie* case under the ADA and argues that "'[i]f the plaintiff fails to prove any of these elements, [the] claim fails.'" (Mot. 3)(quoting *Gutzwiller v. City of Chicago*, 2007 WL 294244, at *4 (N.D. Ill. 2007)). However, as stated above, under the federal notice pleading standard, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan*, 40 F.3d at 251(stating that "[a]t this stage the plaintiff receives the benefit

of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). In *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998), the Seventh Circuit held that a complaint could not be dismissed even when it merely stated "I was turned down for a job because of my race." *Id.* at 518. The Seventh Circuit reasoned, that even such a vague claim is "a claim upon which relief can be granted." *Id.*; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008)(stating that "'[o]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim'" and that "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging gender discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex")(quoting in part *Concentra Health Services, Inc.*, 496 F.3d at 781-82).

Likewise, in the instant action, Othon has alleged facts that, while not specific with respect to each element of his claim, plausibly suggest a claim for relief and put LG on notice of Othon's ADA claim against it. Furthermore, as indicated above, the court may consider the facts contained in the attachments to the complaint when those attachments are relied upon to form the basis of the plaintiff's claims. In the instant action, Othon relied upon his EEOC Charge and other attached documents, such as the Report, to form the basis of his claim against LG. These attached documents provide further factual allegations with respect to Othon's ADA claim and further put LG on notice of the claims against it. Therefore, we deny LG's

motion to dismiss with respect to Othon's ADA claim.

## CONCLUSION

Based on the foregoing analysis, we grant LG's motion to dismiss with respect to Othon's Title VII claims, and we deny LG's motion to dismiss with respect to Othon's Section 1981 and ADA claims.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   September 15, 2008