IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GABRIEL OTHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 878 |
| | ) | |
| LG ELECTRONICS USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant LG Electronics U.S.A., Inc.'s (LG) motion for summary judgment. This matter is also before the court on Plaintiff Gabriel Othon's (Othon) *pro se* motion for summary judgment. For the reasons stated below, we grant LG's motion for summary judgment and we deny Othon's motion for summary judgment.

**BACKGROUND**

Othon alleges that he was employed by LG from 2005 to 2006. During that time period, Othon allegedly suffered from schizophrenia. Othon alleges that LG was aware of the fact that he suffered from schizophrenia and that LG took certain

1

adverse employment actions against him, such as excluding him from team functions and social gatherings, failing to promote him to a position for which he applied, and eventually terminating his employment in 2006. Othon alleges that all of these actions were taken against him on the basis of his schizophrenia, as well as on the basis of his race, sex, and national origin.

Othon brought the instant action and includes in his amended complaint a claim for discrimination on the basis of a disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (ADA), a claim for discrimination on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and 42 U.S.C. § 1981 (Section 1981), a Title VII race discrimination claim, a Section 1981 race discrimination claim, and a Title VII gender discrimination claim. LG previously filed a motion to dismiss, which we granted with respect to the Title VII claims and we denied with respect to the Section 1981 and ADA claims. LG now moves for summary judgment on the remaining claims. Othon has also filed a *pro se* motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must

identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

**DISCUSSION**

I. Filings By the Parties

As we noted in our memorandum opinion granting in part and denying in part LG's motion to dismiss, Othon is a *pro se* plaintiff whose filings are entitled to liberal construction and are "not held to the stringent standards expected of . . . lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). However, even as a *pro se* litigant, Othon is required to follow the Federal Rules of Civil Procedure and the Local Rules, and he is not excused from complying with his responsibilities as a plaintiff. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)(stating that while "courts are required to give liberal construction to pro se pleadings . . . it is also well established that pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)(stating that "the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure"). Local Rule 56.2 requires parties moving for summary judgment against a *pro se* party to serve and file a separate document explaining the process for opposing summary judgment, including the process for complying with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1. L.R. 56.2. In this case, LG has served and filed such a document in compliance with Local Rule 56.2.

Despite notification of the necessary steps for opposing summary judgment, Othon has not filed any responses to LG's Local Rule 56.1 statement of facts, nor

has he filed his own Local Rule 56.1 statement of facts in support of his own motion for summary judgment. We further note that, although Othon has filed a brief in opposition to LG's motion for summary judgment along with certain exhibits, Othon has not pointed to sufficient evidence that either refutes evidence presented by LG or provides support for his own motion for summary judgment. At this stage in the litigation, Othon is required to support his claims with evidence and "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)(describing summary judgment as the "put up or shut up" moment in the lawsuit). Pursuant to Local Rule 56.1, any facts included in a party's Local Rule 56.1 statement of facts that are not properly denied by the opposing party are deemed to be admitted. L. R. 56.1; *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)(stating that "'[b]ecause of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules'")(quoting *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005)). As indicated above, Othon is not excused from complying with Local Rule 56.1 simply because he is a *pro se* plaintiff. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)(finding that a district court did not abuse discretion when it adopted the defendants' version of events in their Local Rule 56.1 statement of facts when the *pro se* plaintiff failed to respond to those facts despite the opportunity to do so). Therefore, since Othon has failed to comply with Local Rule 56.1, the properly

supported facts contained in LG's Local Rule 56.1 statement of facts are deemed to be admitted for the purposes of summary judgment.

II. LG's Motion for Summary Judgment

LG argues in support of its motion for summary judgment that, based on the undisputed facts, there are no genuine issues of material fact remaining and LG is entitled to judgment as a matter of law on Othon's Section 1981 and ADA claims.

A. ADA Claim

LG argues that it is entitled to judgment as a matter of law on Othon's ADA claim since Othon has not established a *prima facie* case of discrimination and since, even if Othon could establish a *prima facie* case of discrimination, the undisputed facts show that LG had a legitimate and nondiscriminatory reason for the employment actions taken against Othon for which Othon has not demonstrated pretext. Under the ADA, a plaintiff can establish discrimination using either the direct or the indirect method of proof. *Scaife v. Cook County*, 446 F.3d 735, 739-40 (7th Cir. 2006); *Timmons v. General Motors Corp.*, 469 F.3d 1122, 1126 (7th Cir. 2006).

Under the direct method of proof, a plaintiff must establish a discriminatory motivation through direct or circumstantial evidence. *Nichols v. Southern Illinois University-Edwardsville*, 510 F.3d 772, 779 (7th Cir. 2007); *Rudin v. Lincoln Land Cmy. Coll.*, 420 F.3d 712, 720 (7th Cir. 2005). To satisfy the direct method of proof,

6

a plaintiff needs to put forth a "convincing mosaic" of direct or circumstantial evidence to show that the employer acted with discriminatory intent. *Walker v. Bd. of Regents of Univ. of Wis.*, 410 F.3d 387, 394 (7th Cir. 2005). In this case, Othon has not pointed to sufficient evidence that would establish a discriminatory motivation on the part of LG using either direct or circumstantial evidence. Thus, in order for Othon to have a successful claim, he must proceed under the indirect method which was established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Nichols*, 510 F.3d at 779.

Under the indirect method of proof, a plaintiff must first establish a *prima facie* case of discrimination by showing that: "(1) he is a member of a protected class; (2) he was meeting his employer's legitimate expectations at the time of the alleged adverse action; (3) he was subjected to an adverse employment action; and (4) the employer treated similarly situated employees not in the protected class more favorably." *Scaife*, 446 F.3d at 739-40. Once a plaintiff has established a *prima facie* case of discrimination, the burden shifts to the defendant to provide a legitimate non-discriminatory reason for the adverse action. *Id.* at 739. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the defendant's reason was a pretext for unlawful discrimination. *Id.* at 739-40.

In this case, Othon has not established a *prima facie* case of discrimination with respect to any of the employment actions taken against him by LG. As an initial matter, Othon has not shown that he is a member of a protected class. An individual is considered to be disabled and, as such, a member of a protected class under the

7

ADA if he can show that (1) "[]he has a physical or mental impairment that substantially limits one or more major life activities," (2) "[]he has a record of such an impairment," or (3) "[]he is regarded as having such an impairment by h[is] employer." 42 U.S.C. § 12102(2)(A). Othon has not presented any argument or pointed to any evidence that would indicate that his alleged schizophrenia substantially limited any major life activity or that he is regarded as having such an impairment. As LG points out, the undisputed evidence shows that Othon has obtained his bachelors degree, was able to maintain employment from 1992 until 2006, and adequately performed all of his job duties at LG until he engaged in the actions that led to his termination in 2006. (SF Par. 18, 20). Thus, there is nothing in the record that indicates that Othon suffers from an impairment that substantially limits a major life activity and Othon, therefore, cannot show that he is a member of a protected class under the ADA.

Additionally, even if Othon had shown that he is disabled under the ADA, Othon has failed to establish that he was meeting LG's legitimate employment expectations. Specifically, the undisputed evidence shows that in August 2006, Othon had a conversation with his direct supervisor (Supervisor) and during such conversation Othon propositioned her for various sexual acts. (SF Par. 31). According to the undisputed evidence, which includes Othon's own deposition testimony, Othon suggested to the Supervisor that he would blackmail the Supervisor in order to make her perform sexual acts with him. (SF Par. 33). According to the undisputed evidence, Othon also suggested to the Supervisor during the conversation

that certain workplace problems would be resolved if Othon and the Supervisor had sex with each other. (SF Par. 32). Othon also later accused the Supervisor of having an affair with another employee. (SF Par. 34). When the Supervisor reported Othon's comments to the Human Resources Department at LG and a manager in Human Resources interviewed Othon about the comments, Othon readily admitted that he had accused the Supervisor of having an affair and also confirmed that he had made the inappropriate sexual remarks to the Supervisor. (SF Par. 38-41). After Othon admitted making the comments, he was informed that his employment was terminated. (SF Par. 42).

Based on the undisputed facts described above, it is clear that Othon was not meeting LG's legitimate employment expectations at the time of the termination of his employment. Othon has not disputed that, during the time that he was employed by LG, there was an explicit policy against sexual harassment that strictly prohibited "sexually oriented or explicit remarks, including written or oral references to sexual conduct. . . ." (SF Par. 9). Since the undisputed evidence shows that Othon was in flagrant violation of that policy, he has not shown that he met LG's legitimate employment expectations at that time.

We note that Othon has included allegations that he was not selected by LG for a promotion to which he applied in July 2006, which was before Othon engaged in the inappropriate conduct. However, in order to succeed on a discrimination claim alleging a failure to promote, it is required that the plaintiff show that he or she was qualified for the relevant position. *Jackson v. City of Chicago*, 552 F.3d 619, 622

9

(7th Cir. 2009). In this case, it is undisputed that the position to which Othon applied required applicants to be bilingual in Korean and English. (SF Par. 26). It is also undisputed that Othon cannot speak, read, or write in Korean. (SF Par. 28). Thus, Othon cannot prevail as a matter of law on his claim for failure to promote him on the basis of his disability.

Finally, Othon has also failed to point to any similarly situated non-disabled employees who have been treated more favorably by LG, as is required in order to show a *prima facie* case of discrimination under the ADA. *Scaife*, 446 F.3d at 739-40. Therefore, Othon has not established a *prima facie* case of discrimination against LG under the ADA with respect to any of his allegations of adverse treatment. Furthermore, even if Othon had established a *prima facie* case of discrimination, the above undisputed evidence regarding Othon's inappropriate comments to the Supervisor indicate that LG had a legitimate and non-discriminatory reason for terminating Othon's employment. Since LG has pointed to a legitimate and non-discriminatory reason for Othon's discharge, the burden shifts back to Othon to show that such a reason is a pretext for unlawful discrimination. *Id.* However, Othon has not put forth sufficient evidence that would indicate pretext. Therefore, we grant LG's motion for summary judgment on Othon's ADA claim.

B. Section 1981 Claims

LG also moves for summary judgment on the Section 1981 claims brought against it. Section 1981 provides the following:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. As with the ADA, to prove employment discrimination under Section 1981, a plaintiff may proceed under either the direct method or the indirect method of proof. *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 820 (7th Cir. 2006); *see also Herron v. Daimler Chrysler Corp.*, 388 F.3d 293, 299 (7th Cir. 2004)(stating that Section 1981 claims are analyzed "under the same rubric as Title VII claims").

Just as with his ADA claim, Othon has failed to put forth any direct or circumstantial evidence of discrimination on the basis of his race and must proceed under the indirect method of proof on his Section 1981 claims. Furthermore, based upon the above discussion relating to Othon's ADA claim, Othon cannot establish a *prima facie* case for discrimination under Section 1981 since the undisputed evidence shows that Othon was not meeting LG's legitimate employment expectations at the time that he was discharged and also that he was not qualified for the promotion to which he applied in 2006. Also, as with the ADA claim, Othon has not pointed to any similarly situated white employees that were treated more favorably. Finally, as with the ADA claim, LG has pointed to legitimate non-discriminatory reasons for the employment actions taken with respect to Othon and Othon has failed to show a

pretext. Othon has pointed to no evidence that LG terminated his employment based upon his race. Therefore, for all of these reasons, we grant LG's motion for summary judgment on Othon's Section 1981 claims.

III. Othon's Motion for Summary Judgment

Othon has also filed a *pro se* motion for summary judgment. However, as indicated above, Othon has failed to include with that motion sufficient evidence or Local Rule 56.1 statement of facts to establish that he is entitled to judgment as a matter of law on his remaining claims. As such, Othon has not met his burden of proof. Therefore, we deny Othon's motion for summary judgment.

**CONCLUSION**

Based on the foregoing analysis, we grant LG's motion for summary judgment. We also deny Othon's *pro se* motion for summary judgment.

                                             _____
                                             Samuel Der-Yeghiayan
                                             United States District Court Judge

Dated: June 18, 2009